Jasmina Richter/Bar No. 024180
**SANDERS & PARKS, P.C.**
3030 North Third Street, Suite 1300
Phoenix, AZ  85012-3099
Direct Phone: (602) 532-5779
Direct Fax: (602) 230-5035
Jasmina.Richter@sandersparks.com

*Attorneys for Plaintiff Developers Surety
and Indemnity Company*

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| DEVELOPERS SURETY AND INDEMNITY COMPANY, | Case No.: |
| Plaintiff, | **COMPLAINT FOR DECLARATORY JUDGMENT OF NO COVERAGE** |
| v. | |
| VALLEY CUSTOM HOMES, LLC., an Arizona limited liability company; ROBERT GIGUERE; ROBERT BLOCH and APRIL BLOCH, husband and wife, | |
| Defendants. | |

Developers Surety and Indemnity Company ("DSI") by and for its Complaint, hereby alleges as follows.

### NATURE OF THE ACTION

1.      This is a civil action for declaratory relief through which DSI seeks a declaratory judgment, under 28 U.S.C. § 2201, et seq., that the general liability policies issued by DSI to Defendants Valley Custom Homes, LLC and Robert Giguere provide no coverage for counter-claims asserted by Robert and April Bloch arising out of work performed at their home.

2.      Through this action, DSI seeks a determination from this Court that DSI has no indemnity or defense obligations towards its insureds, Valley Custom Homes, LLC and

Robert Giguere, or any other claimed insured, or any other person or entity, who may assert claims against such insureds or claimed insureds, for damages stemming from the work performed on Robert and April Bloch's home.

## PARTIES, JURISDICTION AND VENUE

3.     Plaintiff DSI is a California corporation with its principal place of business in the State of California, and is therefore a citizen of California as defined by 28 U.S.C. § 1332 (c)(1).

4.     Defendant Valley Custom Homes, LLC ("Valley Custom"), at all material times mentioned herein, is a limited liability company with its principal place of business in Arizona.  The only member and manager of Valley Custom is Robert Giguere.  Upon information and belief, Robert Giguere resides in Arizona and is a citizen of Arizona. Therefore, Valley Custom is a citizen of Arizona.

5.     Upon information and belief, Defendant Robert Giguere ("Giguere"), at all material times mentioned herein, is an individual who resides in Arizona and is therefore a citizen of Arizona.

6.     Upon information and belief, Defendants Robert and April Bloch (collectively "the Bloch"), at all material times mentioned herein, are individuals who reside in Arizona and are therefore citizens of Arizona.

7.     DSI is informed and believes that the amount in controversy in this action exceeds $75,000.00, exclusive of interest and costs, and is between citizens of different states.  Thus, this Court has diversity jurisdiction over this action under 28 U.S.C. § 1332.

8.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(a)(1) and (2) because the Defendants reside in this District and some of the events giving rise to this action occurred in this District.

## UNDERLYING LAWSUIT

9.     On May 4, 2016, Robert Giguere and Valley Custom filed a lawsuit against Robert and April Bloch in Maricopa County, Superior Court in Arizona, under case number CV2016-006177 ("Underlying Action").

1       10.    On June 8, 2016, Robert Giguere and Valley Custom filed a First Amended

2  Complaint in the Underlying Action.

3       11.    On August 11, 2016, the Blochs answered the First Amended Complaint and

4  also asserted a Counter-Claim against Robert and Mary Ellen Giguere and Valley Custom

5  ("Counter-Claim") in the Underlying Action. A true and correct copy of the Counter-Claim

6  is included as Exhibit "1".

7       12.    The Counter-Claim alleges that the Blochs own a home located at 4809 E.

8  Hummingbird Lane in Paradise Valley, Arizona.

9       13.    The Counter-Claim further alleges that in August of 2014, the Blochs entered

10  into a verbal contract with Valley Custom to provide general contracting services for the

11  remodel of their home.  (Ex. 1, Counter-Claim ¶ 7.)

12       14.    Valley Custom allegedly agreed to complete the remodel work by Christmas

13  of 2014 for $280,000. (Id. ¶ 8.)

14       15.    The Blochs allege that Valley Custom did not complete the work, failed to

15  submit an accounting, and that this led the Blochs to terminate the contract on December

16  30, 2015. (Id. ¶ 9-15.)

17       16.    The Blochs were allegedly forced to hire other contractors to complete the

18  work.  Also, since terminating the contract, the Blochs determined that some of the work

19  performed by Valley Custom was substandard, requires repairs, including repairs to the

20  roof, the cabinets, bathroom tile and pool.  (Id. ¶ 19.)

21       17.    Further, the Blochs claim some of the work was performed by unlicensed

22  contractors.  (Id. ¶ 20.)

23       18.    The Blochs alleged Counter-Claims of (1) breach of contract; (2) accounting;

24  (3) breach of implied covenant of good faith and fair dealing; (4) unjust enrichment; (5)

25  consumer fraud; (6) negligent misrepresentation; (7) common law fraud; (8) recovery fund.

26       19.    In their Counter-Claim, the Blochs seek an accounting of all payments made,

27  their general and specific damages, including attorneys' fees, punitive damages, costs, and

28  interest.  (Id. ¶¶ 47, 69.)

1    20.    The Blochs also filed a third-party complaint against Platte, which provided

2    a $15,000 bond to Valley Custom. (Ex. 1, p. 17.)

3    **THE REGISTRAR OF CONTRACTORS ORDER**

4    21.    Upon information and belief, Robert and April Bloch initiated two separate

5    complaints with the Registrar of Contractors against Valley Custom, under Case No.

6    2016A-2867-ROC and Case No. 2016A-825-ROC.

7    22.    On November 14, 2016, a hearing was held and both cases were heard as

8    consolidated matters in front of administrative law judge Linda Marie Brown.

9    23.    On December 5, 2016, the administrative judge issued a decision with

10   findings of fact and conclusions of law.  The decision recommended that the Registrar shall

11   revoke Valley Custom's residential general contracting license.

12   24.    The Registrar accepted the administrative law judge's decision and the

13   decision became effective on February 18, 2017.

14   25.    The Final Administrative Decision and Order adopted by the Registrar finds,

15   among other things, that Valley Custom did not have a written contract and that it hired

16   unlicensed contractors.  A true and correct copy of the ROC Order is attached hereto as

17   Exhibit "2".

18   **THE DSI POLICIES**

19   26.    DSI issued a general liability policy to the named insured Valley Custom,

20   policy number BIS00016250-01, effective from June 26, 2013 to June 26, 2014 ("01

21   Policy").

22   27.    DIS issued a general liability policy to Valley Custom, policy number

23   BIS00016250-02, effective from June 26, 2014 to June 26, 2015 ("02 Policy").

24   28.    DSI issued a general liability policy to Valley Custom, policy number

25   BIS00016250-03, effective from June 26, 2015 to June 26, 2016 ("03 Policy").  A true and

26   correct copy of the 03 Policy is attached as Exhibit "3".

27   29.    DSI issued a general liability to Valley Custom, policy number

28   BIS00016250-04, effective from June 26, 2016 to June 26, 2017 ("04 Policy").

30.     The Named Insured under the 01 Policy, 02 Policy, 03 Policy, and 04 Policy (collectively "DSI Policies") is Valley Custom.

31.     Further, under Section II(c) (Who Is An Insured) the policy provides that if a limited liability company is an insured, "your members are also insureds, but only with respect to the conduct of your business.  Your managers are insureds, but only with respect to their duties as your managers."   Therefore, Robert Giguere, who is the manager and member of Valley Custom, qualifies as an insured, but only with respect to his duties as a member and manager of Valley Custom.

32.     The 03 Policy provides in the insuring agreement, in relevant part, as follows:

   **1.**    <u>Insuring Agreement</u>

   **a.**    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies…However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply…

   ***

(Ex. 3, Policy, Section I(1)(a).)

33.     The insuring agreement of the DSI Policies were amended through Endorsement ID 00 02 09 12 (Amendment to Insuring Agreement—Coverage Trigger), which provides, in relevant part, as follows:

Paragraphs 1.b., 1.c., 1.d., and 1.e. of the Insuring Agreement of Coverage A – Bodily Injury and Property Damage Liability (Section I – Coverages) are replaced by the following:

   **b.**  This insurance applies to "bodily injury" and "property damage" only if:

   **(1)**    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

- 5 -

**(2)** The "bodily injury" or "property damage" first manifests during the policy period; and

**(3)** The "claimant" sustains damages during the policy period because of the "bodily injury" or "property damage."

\*\*\*

**d.** …"Property damage" first manifests when it is apparent to any person, whether or not an insured, a "claimant", or a property owner.

Manifestation of "bodily injury" or "property damage" is deemed to occur regardless of:

**(1)** The extent of the injury or damage;

**(2)** Whether injury or damage is "continuous or progressive";

**(3)** Whether any claim or "suit" arising out of injury or damage is brought against any insured; or

**(4)** Whether any insured is legally obligated to pay damages because of "bodily injury" or "property damage".

34. The "property damage" in this case was first noticed by the Blochs after they terminated the contract in December of 2015. Therefore, the property damage first manifested during the 03 Policy, which was in effect from June 26, 2015 to June 26, 2016.

35. The other DSI Policies were not triggered because, among other reasons, the "property damage" did not first manifest during the policy period of the 01 Policy, 02 Policy or 04 Policy.

36. The 03 Policy contains limits of liability of $1,000,000 each occurrence, $2,000,000 products/completed operations aggregate and $2,000,000 general aggregate. The 03 Policy also contains a water damage sub-limit of $1,000,000 and a $1,000 deductible for property damage. The 03 Policy is written on Coverage Form CG 00 01 04 13.

37. The 03 Policy contains an Additional Conditions Endorsement (ID 00 06 01 14), which amends the 03 Policy and adds conditions precedent to coverage as follows:

- 6 -

The following conditions precedent to coverage are added to and form part of the policy:

1. You must be named an additional insured on the commercial general liability policy of each contractor and subcontractor that performs work on your behalf throughout the time of each such contractor's and subcontractor's performance, and each such policy must provide defense as well as indemnity to you as an additional insured.

2. You must obtain a certificate of insurance from each contractor and subcontractor that performs work on your behalf prior to the commencement of each such contractor's and subcontractor's work indicating that each such contractor and subcontractor has a commercial general liability policy in effect.

3. Both the policy within which you are named as an additional insured and the certificate of insurance you obtain must have each occurrence, general aggregate, and products-completed operations aggregate limits, including sublimits, in an amount equal to or greater than this policy.

4. You must obtain a hold harmless agreement from each of your contractors and subcontractors, indemnifying you against all loss in any way related to the work performed on our behalf by each such contractor and subcontractor.

38.     The conditions precedent to coverage set forth in the Additional Conditions Endorsement were not met by Valley Custom such that the duty to defend or indemnify the Counter-Claim was never triggered.

39.     The 03 Policy also contains the following exclusions:

**2.**     Exclusions

This insurance does not apply to:

***

**k**. **Damage To Your Product**

"Property damage" to "your product" arising out of it or any part of it.

**l. Damage To Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

**m. Damage To Impaired Property Or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

**(1)**     A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

**(2)**     A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

\*\*\*

40.     Additional exclusions and limitations are added through endorsement ID 00 25 04 13, including but not limited to the following:

This insurance does not apply to:

**1.**     Punitive or Exemplary Damage

If a "suit" is brought against the insured for damages covered by this policy, seeking both compensatory and punitive or exemplary damages, we will afford a defense to such action.  We will not have any obligation to pay punitive or exemplary damages, or any interest or costs attributable to such damages.  This exclusion does not apply in any state where such endorsement is expressly prohibited by state law or insurance department regulations.

\*\*\*

**4.**     Unlicensed Work

- 8 -

"Bodily injury", "property damage" or "personal and advertising injury" arising out of "your work" if "your work" is or was performed in a state without an appropriate, current and valid state contractor's license or registration when a state contractor's license or registration is available or required for the type of work that you performed or are performing in that state.

41.     The 03 Policy also contains an exclusion for Construction Management and Consulting, providing:

This insurance does not apply to "bodily injury" or "property damage" arising out of or resulting from any insured acting as or in the capacity of a "construction manager" or "construction consultant."

For purposes of this exclusion, "construction manager" or "construction consultant" means any person or entity undertaking to manage, consult on, advise on, or control construction planning, activities or work except as a "general contractor".

For purposes of this endorsement, "general contractor" means a contractor, not affiliated with the owner, having a written contract with the owner, and is required in return for monetary compensation by the owner: to supply all labor and material to complete one or more projects using its own employees, material suppliers or subcontractors; to pay for all labor, subcontractors and materials from the general contractor's own funds in the ordinary course of its business in pursuit of profit; to invoice the owner to cover payouts to employees, subcontractors and supplier as each project progresses; and to have direct written contracts or purchase orders with its subcontractors and suppliers.

42.     The 03 Policy contains the following swimming pool exclusion added through Endorsement ID 00 52 01 15, which provides in relevant part:

This insurance does not apply to "bodily injury", "property damage…arising, directly or indirectly, out of "your work" or "your product" in:

1.     the construction, installation, repair or replacement of swimming pools, hot tubs or spas and their filtration systems; or

2.     the following activities with respect to the foregoing: tile, resurfacing, water chemical treatment or balancing, pool covering, or fencing.

43.      Under the 03 Policy, Section V, Definitions:

**8.** "Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:

**a.**  It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

**b.**  You have failed to fulfill the terms of the a contract or agreement;

If such property can be restored to use by the repair, replacement, adjustment or removal of "your product" or "your work" or your fulfilling the terms of the contract or agreement.

44.      Under the 03 Policy, Section V, Definitions:

**13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

39.      Under the 03 Policy, Section V, Definitions:

**17.** "Property damage" means:

**a.**  Physical injury to tangible property, including all resulting loss of use of that property.  All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

**b.**  Loss of use of tangible property that is not physically injured.  All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

45.      The 03 Policy defines "your work" and "your product" as follows:

**21.**      "**Your product**":

        **a**. Means:

**(1)**   Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

   **(a)**   You;
   **(b)**   Others trading under your name; or
   **(c)**   A person or organization whose business or assets you have acquired; and

**(2)**   Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

**b.**  Includes:

   **(1)**  Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

   **(2)** The providing of or failure to provide warnings or instructions.

   **c.**   Does not include vending machines or other property rented to or located for the use of others but not sold.

**22.**   **"Your work"**:

**a**.   Means:

**(1)**   Work or operations performed by you or on your behalf; and

 **(2)**   Materials, parts or equipment furnished in connection with such work or operations.

**b.**   Includes:

**(1)**   Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and

**(2)**     The providing of or failure to provide
warnings or instructions.

## FIRST CAUSE OF ACTION

(Declaratory Relief – Against All Defendants)

46.     DSI re-alleges and incorporates by this reference all preceding paragraphs above, in their entirety, as though fully set forth herein.

47.     DSI contends that its obligations under the 03 Policy were not triggered by the Counter-Claim as the pre-conditions to coverage, set forth in the Additional Conditions Endorsement, were not met by Valley Custom.

48.     DSI contends that its obligations under the 03 Policy were excluded by the Exclusion of Construction Management and Consulting because Valley Custom and Robert Giguere undertook to manage, consult on, advise on, or control construction planning, activities or work and the exception for "general contractor" does not apply to Valley Custom or Robert Giguere because neither qualified as a "general contractor" as that term is defined in the endorsement.

49.     DSI contends that the "your work", "your product", "impaired property", "punitive damage", "swimming pool", "unlicensed work" exclusion apply to bar or exclude coverage for some or all of the damages claimed in the Counter-Claim.

50.     DSI reserves the right to raise other terms, limitations, endorsements, exclusions and provision of the DSI Policies that may apply.

51.     DSI contends it owes no duty to defend and/or indemnify Valley Custom or Robert Giguere, as a manager/member of Valley Custom, for property damage alleged by Robert and April Bloch based on the foregoing provisions, exclusions, endorsements, terms and conditions of the 03 Policy.

52.     DSI is informed and believes, and based thereon alleges, that the defendants, and each of them, dispute DSI's contentions herein.  As such, an actual controversy exists that requires a judicial declaration to determine the respective rights and obligations of the parties.

53.     Further, Valley Custom and Robert Giguere have tendered the defense and indemnity of the Counter-Claim to DSI.  DSI has accepted the defense of Valley Custom and Robert Giguere, subject to a reservation of rights.  As such, an actual controversy exists that requires a judicial declaration to determine the respective rights and obligations of the parties.

54.     DSI seeks a declaratory judgment, under 28 U.S.C. § 2201, that the allegations and/or claims for damages within the Counter-Claim are not covered, are limited, and/or excluded by the foregoing provisions, exclusions, endorsements and terms and conditions of the DSI Policies, including the 03 Policy, and not covered and/or potentially covered under the DSI Policies and therefore, DSI does not have, and never had, any duty to defend and/or indemnify Valley Custom and/or Robert Giguere for the Counter-Claim.

## PRAYER FOR RELIEF

WHEREFORE, DSI prays for relief for its First Cause of Action for Declaratory Relief as follows:

A.     A judicial declaration that the DSI Policies, including the 03 Policy, do not provide coverage or potential coverage to defend or indemnify Valley Custom and/or Robert Giguere for the allegations and/or claims arising out of the Counter-Claim;

B.     A judicial declaration that coverage for the Counter-Claim was never triggered because the conditions precedent to coverage were not met.

C.     A judicial declaration that coverage for the Counter-Claim is excluded and/or limited by the terms, exclusions, endorsements, and provisions set forth above and any other provisions of the DSI Policies that may apply.

D.     For costs of suit herein incurred; and

…

…

1

2      E.      For such other and further relief as the court may deem just and proper.

3

4      RESPECTFULLY SUBMITTED this 23rd day of August, 2017.

5

6                                                  SANDERS & PARKS, P.C.

7                                        By  s/ Jasmina Richter
                                             Jasmina Richter
8                                            3030 North Third Street, Suite 1300
                                             Phoenix, AZ  85012-3099
9                                            *Attorneys for Plaintiff Developers Surety*
                                             *and Indemnity Company*
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28