| | |
|---|---|
| 1 | courtdocs@dickinsonwright.com |
| | Denise H. Troy (#012915) |
| 2 | dtroy@dickinsonwright.com |
| | **DICKINSON WRIGHT PLLC** |
| 3 | 1850 North Central Avenue |
| | Suite 1400 |
| 4 | Phoenix, Arizona 85004 |
| | Telephone: (602) 285-5000 |
| 5 | Facsimile: (602) 285-5100 |
| | *Attorneys for Defendants/* |
| 6 | *Counterclaimants/Third-Party* |
| | *Plaintiffs* |
| 7 | |

## SUPERIOR COURT OF ARIZONA

## MARICOPA COUNTY

| | | |
|---|---|---|
| 10 | ROBERT GIGUERE and VALLEY CUSTOM HOMES, LLC, an Arizona limited liability company, | No. CV2016-006177 |
| 12 | Plaintiffs, | **ANSWER, AMENDED COUNTERCLAIM AND THIRD-PARTY COMPLAINT** |
| 13 | v. | |
| 14 | ROBERT BLOCH and APRIL BLOCH, husband and wife, | (Assigned to the Honorable James Blomo) |
| 15 | Defendants. | |
| 16 | ROBERT BLOCH and APRIL BLOCH, husband and wife, | |
| 18 | Defendants/Counterclaimants, | |
| 19 | v. | |
| 20 | ROBERT AND MARY ELLEN GIGUERE, husband and wife; VALLEY CUSTOM HOMES, LLC, an Arizona limited liability company; JOHN DOES 1 – 10; BLACK CORPORATIONS 1 – 10; WHITE PARTNERSHIPS 1 – 10; and ABC LIMITED LIABILITY COMPANIES, 1 – 10, | |
| 24 | Counterdefendants. | |

-1-

ROBERT BLOCH and APRIL BLOCH, husband and wife,

    Defendants/Counterclaimants/
    Third-Party Plaintiffs,

v.

PLATTE RIVER INSURANCE COMPANY, a foreign corporation,

    Third-Party Defendant.

For their Answer to Plaintiffs' Amended Complaint, Defendants/Counterclaimants/Third-Party Plaintiffs Robert and April Bloch (the "Blochs"), admit, deny and affirmatively allege as follows:

1. The Blochs admit the allegations in Paragraph 1 of the Amended Complaint.

2. The Blochs admit the allegations in Paragraph 2 of the Amended Complaint.

3. Answering Paragraph 3, the Blochs admit the allegations in Paragraph 3 of the Amended Complaint regarding their residency and that any acts taken in the transactions underlying the Amended Complaint were taken on behalf of and for the benefit of their marital community. The Blochs deny that any such acts were wrongful.

4. The Blochs admit the allegations in Paragraph 4 of the Amended Complaint.

5. The Blochs admit the allegations in Paragraph 5 of the Amended Complaint.

**FACTS COMMON TO ALL COUNTS**

6. The Blochs admit the allegations in Paragraph 6 of the Amended Complaint.

7. The Blochs deny the allegations in Paragraph 7 of the Amended Complaint. The Blochs affirmatively allege that Plaintiff Valley Custom Homes ("VCH") began work on the Project in August 2014.

8. The Blochs admit the allegations in Paragraph 8 of the Amended Complaint.

9. The Blochs deny the allegations in Paragraph 9 of the Amended Complaint. The Blochs allege that VCH entered into a verbal contract to perform a remodel of the Blochs' home for a total of $280,000 (the "Contract").

10. The Blochs deny the allegations in Paragraph 10 of the Amended Complaint. The Contract included not only an interior remodel, but included landscaping and a negative edge pool.

11. Answering the allegations in Paragraph 11 of the Amended Complaint, the Blochs admit that they had a verbal agreement with VCH, but deny there were "written work orders" that formed a valid contract as to the scope of the agreement.

12. The Blochs admit the allegations in Paragraph 12 of the Amended Complaint.

13. The Blochs deny the allegations in Paragraph 13 of the Amended Complaint. The Blochs affirmatively allege that the work described in Paragraph 13 of the Amended Complaint was included in the original Contract.

14. The Blochs deny the allegations in Paragraph 14 of the Amended Complaint.

15. The Blochs deny the allegations in Paragraph 15 of the Amended Complaint. The Blochs allege that a pool was always part of the Contract.

16. The Blochs deny the allegations in Paragraph 16 of the Amended Complaint.

17. The Blochs deny the allegations in Paragraph 17 of the Amended Complaint.

18. The Blochs deny the allegations in Paragraph 18 of the Amended Complaint.

19. The Blochs deny the allegations in Paragraph 19 of the Amended Complaint. The Blochs affirmatively allege that they only made cash payments to workers on the Project after receiving instructions to do so by VCH purported project superintendent, Julio Alvarado.

20. The Blochs admit the allegations in Paragraph 20 of the Amended Complaint.

21. The Blochs admit the allegations in Paragraph 21 of the Amended Complaint. The Blochs affirmatively allege that they refused to allow VCH workers on the Project

because few of the workers on the Project were properly licensed by the Arizona Registrar of Contractors, and, other than Plaintiff Robert Giguere ("Giguere"), VCH had no employees who were permitted by law to perform work under VCH's construction license.

22. Answering Paragraph 22 of the Amended Complaint, the Blochs deny that they have paid $463,419.36 to VCH. The Blochs affirmatively alleged that they have paid $481,659.49 directly to VCH, and an additional sum of approximately $34,000 to independent contractors retained by VCH, at the instruction of Julio Alvarado. The Blochs are without information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 22 of the Amended Complaint, and, therefore, deny the same. To the extent that VCH may be entitled to additional sums under the Contract, those sums are subject to offset.

23. Answering Paragraph 23 of the Amended Complaint, it is unclear how these alleged statements provide a cause of action for VCH or Giguere. Answering further, the Blochs admit that Robert Bloch made certain statements, but these statements are taken out of context.

24. Answering Paragraph 24 of the Amended Complaint, the Blochs deny that Robert Bloch trespassed. The Blochs are without information sufficient to form a belief as to the truth or the falsity of the remaining allegations in Paragraph 24 of the Amended Complaint and, therefore, deny the same.

25. Answering Paragraph 25 of the Amended Complaint, the Blochs admit that they contacted the Christensens by telephone. The Blochs deny the remaining allegations in Paragraph 25 of the Complaint. The Blochs affirmatively allege that any comments made to the Christensens were true.

26. The Blochs deny the allegations in Paragraph 26 of the Amended Complaint.

27. Answering Paragraph 27 of the Amended Complaint, the Blochs admit they filed a report with the Paradise Valley Police Department regarding the placement of a bullet

casing at the Project by Julio Alvarado, VCH's purported project superintendent, which was placed with the intent to intimidate and threaten the Blochs. The Blochs deny the remaining allegations in Paragraph 27 of the Amended Complaint.

## COUNT I

### Defamation

28. The Blochs incorporate the admissions, denials and affirmative allegations set forth in Paragraphs 1 through 27 of this Answer as though fully set forth herein.

29. Answering Paragraph 29 of the Amended Complaint, the Blochs deny they made any defamatory statements regarding VCH or Giguere. Answering further, the Amended Complaint does not identify any specific statement that the Blochs allegedly made about either VCH or Giguere.

30. Answering Paragraph 30 of the Amended Complaint, the Blochs admit that they have made statements to certain clients of VCH, the Paradise Valley Police Department, the Arizona Attorney General's Office and the Registrar of Contractors. Answering further, the Blochs affirmatively allege that the statements made to the governmental agencies were to seek legal redress. Answering further, the Blochs affirmatively allege that all statements made were truthful or were based on the Blochs' opinions of VCH, Giguere and their business practices.

31. The Blochs are without information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 31 of the Amended Complaint, and, therefore, deny the same.

32. The Blochs deny the allegations in Paragraph 32 of the Amended Complaint.

33. The Blochs deny the allegations in Paragraph 33 of the Amended Complaint.

34. Answering Paragraph 34 of the Amended Complaint, the Blochs deny they made false and defamatory statements about VCH and Giguere. The Blochs are without

1  information sufficient to form a belief as to the truth or falsity of the remaining allegations in
2  Paragraph 34 of the Amended Complaint, and, therefore, deny the same.

3      35.    The Blochs deny the allegations in Paragraph 35 of the Amended Complaint.

## COUNT II

### False Light Invasion of Privacy

6      36.    The Blochs incorporate the admissions, denials and affirmative allegations set
7  forth in Paragraphs 1 through 35 of this Answer as though fully set forth herein.

8      37.    The Blochs deny the allegations in Paragraph 37 of the Amended Complaint.
9      38.    The Blochs deny the allegations in Paragraph 38 of the Amended Complaint.
10     39.    The Blochs deny the allegations in Paragraph 39 of the Amended Complaint.
11     40.    The Blochs deny the allegations in Paragraph 40 of the Amended Complaint.
12     41.    The Blochs deny the allegations in Paragraph 41 of the Amended Complaint.

## COUNT III

### Fraudulent and Negligent Misrepresentation

15     42.    The Blochs incorporate the admissions, denials and affirmative allegations set
16 forth in Paragraphs 1 through 41 of this Answer as though fully set forth herein.

17     43.    The Blochs deny the allegations in Paragraph 43 of the Amended Complaint.
18     44.    The Blochs deny the allegations in Paragraph 44 of the Amended Complaint.
19     45.    The Blochs deny the allegations in Paragraph 45 of the Amended Complaint.
20     46.    The Blochs deny the allegations in Paragraph 46 of the Amended Complaint.
21     47.    The Blochs deny the allegations in Paragraph 47 of the Amended Complaint.
22     48.    The Blochs deny the allegations in Paragraph 48 of the Amended Complaint.

## COUNT IV

### Interference with Contracts and Business Expectancies

25     49.    The Blochs incorporate the admissions, denials and affirmative allegations set
26 forth in Paragraphs 1 through 48 of this Answer as though fully set forth herein.

50. The Blochs are without information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 50 of the Amended Complaint, and, therefore, deny the same.

51. The Blochs deny the allegations in Paragraph 51 of the Amended Complaint.

52. The Blochs deny the allegations in Paragraph 52 of the Amended Complaint.

53. The Blochs deny the allegations in Paragraph 53 of the Amended Complaint.

54. The Blochs deny the allegations in Paragraph 54 of the Amended Complaint.

55. The Blochs deny the allegations in Paragraph 55 of the Amended Complaint.

## COUNT V

### Breach of Contract

56. The Blochs incorporate the admissions, denials and affirmative allegations set forth in Paragraphs 1 through 55 of this Answer as though fully set forth herein.

57. The Blochs admit the allegations in Paragraph 57 of the Amended Complaint.

58. The Blochs deny the allegations in Paragraph 58 of the Amended Complaint.

59. The Blochs deny the allegations in Paragraph 59 of the Amended Complaint.

60. The Blochs deny the allegations in Paragraph 60 of the Amended Complaint.

## COUNT VI

### Unjust Enrichment

61. The Blochs incorporate the admissions, denials and affirmative allegations set forth in Paragraphs 1 through 60 of this Answer as though fully set forth herein.

62. The Blochs deny the allegations in Paragraph 62 of the Amended Complaint.

63. The Blochs deny the allegations in Paragraph 63 of the Amended Complaint.

64. The Blochs deny the allegations in Paragraph 64 of the Amended Complaint.

65. The Blochs deny the allegations in Paragraph 65 of the Amended Complaint.

## COUNT VII

### Negligence

66. The Blochs incorporate the admissions, denials and affirmative allegations set forth in Paragraphs 1 through 65 of this Answer as though fully set forth herein.

67. The Blochs deny the allegations in Paragraph 67 of the Amended Complaint.

68. The Blochs deny the allegations in Paragraph 68 of the Amended Complaint.

69. The Blochs deny the allegations in Paragraph 69 of the Amended Complaint.

## COUNT VIII

### Injunctive Relief

70. The Blochs incorporate the admissions, denials and affirmative allegations set forth in Paragraphs 1 through 69 of this Answer as though fully set forth herein.

71. The Blochs deny the allegations in Paragraph 71 of the Amended Complaint.

72. The Blochs deny the allegations in Paragraph 72 of the Amended Complaint.

73. The Blochs deny the allegations in Paragraph 73 of the Amended Complaint.

## COUNT IX

### Harassment and Injunction Against Harassment

74. The Blochs incorporate the admissions, denials and affirmative allegations set forth in Paragraphs 1 through 73 of this Answer as though fully set forth herein.

75. The Blochs deny the allegations in Paragraph 75 of the Amended Complaint.

76. The Blochs deny the allegations in Paragraph 76 of the Amended Complaint.

77. The Blochs deny the allegations in Paragraph 77 of the Amended Complaint.

## COUNT X

### Intentional and Negligent Infliction of Emotional Distress

78. The Blochs incorporate the admissions, denials and affirmative allegations set forth in Paragraphs 1 through 78 of this Answer as though fully set forth herein.

79. The Blochs deny the allegations in Paragraph 79 of the Amended Complaint.

80. The Blochs deny the allegations in Paragraph 80 of the Amended Complaint.

81. The Blochs deny the allegations in Paragraph 81 of the Amended Complaint.

82. The Blochs deny the allegations in Paragraph 82 of the Amended Complaint.

83. This matter arises out of contract, and the Blochs are entitled to recover their attorneys' fees pursuant to A.R.S. § 12-341.01.

## GENERAL DENIAL

84. The Blochs deny each and every allegation in the Complaint not expressly and specifically admitted in this Answer.

## AFFIRMATIVE DEFENSES

85. For their affirmative defenses, the Blochs allege as follows:

    A. Failure to state a claim upon which relief may be granted;

    B. Truth;

    C. Privilege;

    D. Prior breach by Plaintiffs;

    E. Comparative Fault;

    F. Payment;

    G. Counterclaim and offset;

    H. Failure to mitigate;

    I. Discovery is ongoing, and the Blochs reserve the right to assert additional affirmative defenses revealed by discovery in this matter.

**WHEREFORE,** having fully answered the Amended Complaint, the Blochs request that the Court enter judgment as follows:

1. Dismissing Plaintiffs' claims in their entirety;

2. Awarding the Blochs their reasonably attorneys' fees pursuant to A.R.S. § 12-341.01;

3. Awarding the Blochs their taxable costs pursuant to A.R.S. § 12-341; and

4. Awarding the Blochs such other relief as this Court deems just and proper.

## COUNTERCLAIM

For their counterclaim against Counterdefendants Valley Custom Homes, L.L.C., Robert and Mary Giguere, Robert and April Bloch ("the Blochs"), through undersigned counsel, allege as follows:

1. The Blochs are a husband and wife who own property at 4809 East Hummingbird Lane, in Paradise Valley, Arizona (the "Home.").

2. Counterdefendant Valley Custom Homes, L.L.C. ("VCH") is an Arizona limited liability company, authorized to do business and doing business in Maricopa County.

3. VCH is licensed by the Arizona Registrar of Contractors as a general contractor.

4. Counterdefendants Robert and Mary Giguere (Giguere) are husband and wife who are the members of VCH. At all times pertinent hereto, Giguere was acting on behalf of the marital community.

5. As the owners of VCH, Giguere have used the company to perpetrate a fraud on the Blochs and others, and have failed to follow the corporate form, and, are, therefore personally liable for the conduct of VCH.

6. The actions giving rise to this Counterclaim arise from the transactions set forth in the Complaint, and jurisdiction and venue are proper in this Court due to the pendency of the Complaint.

## GENERAL ALLEGATIONS

7. On or about August 2014, VCH entered into an oral contract with the Blochs in which it agreed to provide general contracting services for the remodel of the Home (the "Contract").

8. VCH agreed to complete the work no later than Christmas, 2014 for $280,000.

-10-

9. VCH never completed the Home.

10. The Blochs were unable to move into the Home until February 2016.

11. To date, the Blochs have paid VCH and/or its subcontractors and independent contractors a total of approximately $516,000.

12. All payments have been made on a time and materials basis.

13. On or about December 18, 2015, the Blochs made demand upon VCH for an accounting and a list of the subcontractors who performed work on the Home.

14. VCH did not respond to the demand.

15. On or about December 30, 2015, the Blochs terminated the contract with VCH.

16. The Blochs advised that they were withholding any future payments until they received an accounting that showed that the sums they had paid VCH were expended in the remodeling of the Home.

17. To date, the Blochs have not received a full accounting from VCH, and no sums are due under the Contract.

18. As a result, the Blochs had to retain others contractors to complete the work.

19. Since terminating the contract, the Blochs have determined that some of the work performed by VCH and/or its subcontractors is substandard, and requires repair, including, but not limited to, the roof, the cabinets, the bathroom tile and the pool.

20. Upon information and belief, many of the workers who performed work at the home were not licensed by the Arizona Registrar of Contractors and were not employed by a licensed contractor, but were unlicensed, independent contractors.

21. This matter arises out of contract, and the Blochs are entitled to recover their reasonable attorneys' fees, pursuant to A.R.S. § 12-341.01.

## COUNT ONE

### (Breach of Contract)

22. The Blochs incorporate the allegations set forth in Paragraphs 1 through 21 of this Counterclaim as though fully set forth herein.

23. The Blochs had a binding contract with VCH.

24. VCH has not performed its work in accordance with the terms of the contract and prevented the Blochs from moving into the Home on a timely basis, thereby breaching the contract.

25. Upon information and belief, VCH also breached the contract by overcharging the Blochs, who are entitled to recover such overpayments.

26. VCH or the independent contractors with which it contracted failed to perform the work in accordance with minimum workmanship standards, and the Blochs have been required to pay for repairs to VCH's work to render the Home habitable.

27. The Blochs have suffered damages due to this breach.

## COUNT TWO

### (Accounting)

28. The Blochs incorporate the allegations set forth in Paragraphs 1 through 27 of this Counterclaim as though fully set forth herein.

29. As a general contractor working on a time and materials basis, VCH had a duty to keep accurate books and records regarding the prosecution of the work and the payments made and received.

30. The Blochs have demanded an accounting of the payments they have made to VCH, but VCH has failed and refused to provide a full accounting to the Blochs.

31. The Blochs are entitled to such an accounting.

Case 2:17-cv-02844-JJT   Document 1-1   Filed 08/23/17   Page 13 of 20
JSH Received AUG 11 2016

## COUNT THREE

### (Breach of Implied Covenant of Good Faith and Fair Dealing)

32. The Blochs incorporate the allegations set forth in Paragraphs 1 through 31 of this Counterclaim as if fully set forth herein.

33. The Contract between the Blochs described above contained an implied covenant of good faith and fair dealing by and between the parties which prohibits them from engaging in activity or conduct that would prevent the other party from receiving the benefits of the contract.

34. The Blochs fully performed all covenants, conditions, and obligations required to be performed by reason of the Contract, except to the extent waived, excused or made impossible by VCH's breach of the Contract and other actions and misrepresentations.

35. VCH, in acting or failing to act as alleged above, breached the implied covenant of good faith and fair dealing.

36. As a direct and proximate result of VCH's breach of the implied covenant of good faith and fair dealing, the Blochs have been damaged in an amount to be determined at trial.

## COUNT FOUR

### (Unjust Enrichment)

37. The Blochs incorporate the allegations set forth in Paragraphs 1 through 36 of this Counterclaim as if fully set forth herein.

38. VCH and Giguere were enriched and the Blochs were impoverished by the Blochs' payment to VCH, which, upon information and belief, exceeded the value of the work performed by VCH and VCH's failure to perform the work for which the Blochs had remitted payment in a workmanlike manner.

39. There is no justification for VCH's and Giguere's enrichment and the Blochs' impoverishment.

40. VCH and Giguere are liable to the Blochs for the damages suffered by the Blochs as a result and in an amount to be determined at trial.

## COUNT FIVE

### (Consumer Fraud)

41. The Blochs incorporate the allegations set forth in Paragraphs 1 through 40 of this Counterclaim as if fully set forth herein.

42. The transactions between the Blochs and VCH involved the purchase and sale of "merchandise" as defined in the Arizona Consumer Fraud Act, A.R.S. § 44-1521, *et seq.*

43. VCH made false promises and/or misrepresentations and engaged in conduct that was deceptive in violation of the Arizona Consumer Fraud Act as alleged herein.

44. Upon information and belief, VCH intended for the Blochs to rely on the alleged false promises, misrepresentations, and/or deceptive conduct.

45. The Blochs relied on VCH's false promises, misrepresentations, and/or deceptive conduct.

46. As a direct and proximate result of VCH's violation of the Arizona Consumer Fraud Act, the Blochs have been damaged in an amount to be determined at trial.

47. VCH's conduct as alleged herein was reckless and/or demonstrated a reckless indifference to the Blochs' interests, thereby entitling the Blochs to an award of punitive damages from VCH.

## COUNT SIX

### (Negligent Misrepresentation – VCH and Giguere)

48. The Blochs incorporate the allegations set forth in Paragraphs 1 through 47 of this Counterclaim as if fully set forth herein.

49. Prior to entering into the Contract, the Blochs provided Giguere and VCH a scope of work for a remodel that met the highest standards of construction.

50. The Blochs also advised VCH and Giguere that they wanted the remodel of the Home to be completed as soon as possible.

51. Giguere advised the Blochs that VCH could complete the remodel of their home in accordance with the scope of work for $280,000.

52. This proposal was false; the cost to complete the work set forth in the scope of work far exceeded $280,000 and did not meet the standards required by the Blochs and did not meet minimum workmanship standards.

53. VCH and Giguere also represented to the Blochs that VCH had great experience in remodeling homes in the Town of Paradise Valley and that it would be able to expedite permits and complete the work by Christmas 2014.

54. These representations in Paragraph 55 of the Counterclaim were false.

55. VCH and Giguere intended that the Blochs rely on these representations, and the Blochs did so rely.

56. VCH and Giguere failed to exercise reasonable care and competence in obtaining, preparing, and communicating to the Blochs the value and timing of the remodel.

57. The Blochs justifiably relied on the representations made by VCH and Giguere deciding to enter into the Contract.

58. As a result of such justified reliance on the negligent misrepresentations of VCH and Giguere, the Blochs have suffered damages in an amount that will be proven at trial.

## COUNT SEVEN

### (Common Law Fraud – VCH and Giguere)

59. The Blochs incorporate the allegations set forth in Paragraphs 1 through 58 of this Counterclaim as if fully set forth herein.

60. VCH and Giguere made representations to the Blochs regarding the cost of construction, the quality of construction, VCH's experience in working in the Town of Paradise Valley, and the timing of construction of the remodel.

61. These representations were false and VCH and Giguere knew they were false.

62. These representations were material, because the Blochs would not have entered into the Contract if they had known any of these representations were false.

63. VCH and Giguere intended that the Blochs rely on these representations.

64. The Blochs had a right to rely on these representations, and did rely on the representations.

65. The Blochs were not aware that these representations were false at the time they were made.

66. The Blochs have been damaged by these representations.

## COUNT EIGHT

### (Recovery Fund)

67. The Blochs incorporate the allegations set forth in Paragraphs 1 through 66 of this Counterclaim as though fully set forth herein.

68. The Blochs have filed a complaint with the Arizona Registrar of Contractors, alleging that VCH has violated the contractors' licensing statutes set forth in Title 32 of the Arizona Revised Statutes.

69. Pursuant to A.R.S. § 32-1136, the Blochs will seek recovery from the residential contractors' recovery fund due to VCH's violation of A.R.S. § 32-1154.

**WHEREFORE**, having fully set forth the allegations of their Counterclaim, the Blochs request that the Court grant the following relief:

A. For an accounting of all payments made and to whom;

B. For their damages in an amount to be proven at trial;

C. For punitive damages in an amount to be proven at trial;

1  D.  For their reasonable attorneys' fees, pursuant to A.R.S. §§ 12-341.01 and 32-1152;

2  E.  For their taxable costs incurred herein;

3  F.  For interest thereon at the maximum rate permitted by law from the date of judgment until paid; and

4  G.  For such other relief as this Court deems just and proper.

## THIRD-PARTY COMPLAINT

For their Third-Party Complaint against Third-Party Defendant Platte River Insurance Company, Robert and April Bloch ("the Blochs"), through undersigned counsel, allege as follows:

1.  Third-Party Defendant Platte River Insurance Company ("PRIC") is a foreign corporation authorized to do business and doing business in Maricopa County, Arizona.

2.  In accordance with A.R.S. § 32-1152, PRIC issued License Bond No. 40015580 (the "Bond") in the amount of $15,000.

3.  The actions giving rise to this Third-Party Complaint arise from the transactions set forth in the Complaint, and jurisdiction and venue are proper in this Court due to the pendency of the Complaint.

4.  As required to obtain a contractor's license, VCH procured the Bond issued by PRIC.

5.  Pursuant to A.R.S. § 32-1152, said Bond is subject to a claim by a project owner proves that the contractor has failed perform its work in conformance with the applicable building codes or standard of workmanship or with the terms of the contract.

6.  VCH breached its contract with the Blochs by failing to perform its work in conformance with the applicable codes, standard of workmanship and/or project specifications, and the Blochs have standing to obtain payment from the Bond.

1    7.    The Blochs are entitled to their reasonable attorneys' fees, pursuant to A.R.S. § 32-1152.

WHEREFORE, having fully set forth the allegations of their Third-Party Complaint, the Blochs request that the Court grant the following relief:

A.    Ordering PRIC to pay the Blochs the face amount of the Bond;

B.    For their reasonable attorneys' fees, pursuant to A.R.S. § 32-1152;

C.    For their taxable costs incurred herein;

D.    For interest thereon at the maximum rate permitted by law from the date of judgment until paid; and

E.    For such other relief as this Court deems just and proper.

DATED: August 9, 2016.

DICKINSON WRIGHT PLLC

By: /s/ Denise H. Troy
Denise H. Troy
*Attorneys for Defendants/
Counterclaimants/Third-
Party Plaintiffs*

The foregoing was **e-filed** with the Clerk of the Superior Court on August 9, 2016, and a copy **mailed** to:

Heather E. Bushor
Jones, Skelton & Hochuli, P.L.C.
40 North Central Avenue
Suite 2700
Phoenix, Arizona 85004
***Attorneys for Plaintiffs/ Counterdefendants***

Arizona Registrar of Contractors
Legal Department
1700 West Washington Street
Suite 105
Phoenix, Arizona 85007-2812

/s/ Nanci R. Hoopes



DICKINSON WRIGHT PLLC
DHT
1850 NORTH CENTRAL AVENUE, SUITE 1400
PHOENIX, AZ 85004-4568

TO:

Heather E. Bushor, Esq.
Jones, Skelton & Hochuli, P.L.C.
40 North Central Avenue
Suite 2700
Phoenix, AZ 85004

