NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Developers Surety and Indemnity Company, | No. CV-17-02844-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Valley Custom Homes LLC, *et al.*, | |
| Defendants. | |

At issue is the Stipulation to Extend Time for Defendants Bloch to Respond to Complaint (First Request) (Doc. 17).

This case is part of the Mandatory Initial Discovery Pilot project ("MIDP") being conducted in the District of Arizona under General Order 17-08. Under the MIDP, parties must respond to mandatory initial discovery subjects early in the litigation and before traditional discovery begins under the Federal Rules of Civil Procedure. General Order 17-08, ¶ (A)(2). The parties are to address their compliance with the MIDP in their Rule 26(f) report and at the Rule 16 case management conference. *Id.*, ¶ (A)(9).

The General Order provides that "[a] party seeking affirmative relief must serve its responses to the mandatory initial discovery no later than 30 days after the first pleading filed in response to its complaint, counterclaim, crossclaim, or third-party complaint." *Id.*, ¶ (A)(6). It further provides that "[a] party filing a responsive pleading, whether or not it

also seeks affirmative relief, must serve its initial discovery responses no later than 30 days after it files its responsive pleading." *Id.*[1]

The "pleading" referred to in these provisions is an answer. Pleadings can also include counterclaims, crossclaims, and third-party claims, but each of these typically is accompanied by an answer. The pleading that triggers discovery obligations under the MIDP is the answer.

The parties in this case have requested an extension of Defendant's time to file an answer. The parties should be aware that, under the MIDP, the filing of a motion to dismiss under Rule 12(b)(6) does not excuse the obligation to file an answer and the corresponding obligation to provide mandatory initial discovery. The General Order provides that "[p]arties must file answers, counterclaims, crossclaims, and replies within the time set forth in Rule 12(a)(1)-(3) even if they have filed or intend to file a motion to dismiss or other preliminary motion." *Id.*, ¶ (A)(5). Answers may be deferred only for good cause based on motions to dismiss for lack of subject-matter jurisdiction, lack of personal jurisdiction, sovereign immunity, or absolute or qualified immunity of a public official. *Id.* Motions to dismiss do not otherwise delay answers or the obligation to respond to mandatory initial discovery.

The Court concludes that the parties have shown good cause, and will grant a one-time extension of 30 days for Defendant to file an answer. Because the effectiveness of the MIDP depends on early disclosures, the Court will not grant additional extensions. Thus, the parties' obligations to produce the information called for in the MIDP within 30 days of the filing of an answer, as set forth in paragraph (A)(6) of the General Order, will be triggered by Defendant's filing of an answer after this extension.

**IT IS ORDERED** granting the Stipulation to Extend Time for Defendants Bloch to Respond to Complaint (Doc. 17), and extending Defendant's time to file an answer in

---

[1] The obligation to respond within 30 days does not apply if the parties certify that no discovery will be conducted in the case, and may be extended for 30 days if the parties jointly certify to the Court that they are seeking to settle the case and have a good faith belief that it will be resolved within 30 days. *Id.*

response to the Complaint (Doc. 1) until October 18, 2017. No further extensions will be granted.

Dated this 3rd day of October, 2017.

Honorable John J. Tuchi
United States District Judge