1   courtdocs@dickinsonwright.com
    Denise H. Troy (#012915)
2   dtroy@dickinsonwright.com
    J. Gregory Cahill (#012654)
3   gcahill@dickinsonwright.com
    **DICKINSON WRIGHT PLLC**
4   1850 North Central Avenue, Suite 1400
    Phoenix, Arizona 85004
5   Telephone: (602) 285-5000
    ***Attorneys for Defendants***
6   ***Robert Bloch and April Bloch***

7

8                    **UNITED STATES DISTRICT COURT**

9                          **DISTRICT OF ARIZONA**

10  Developers Surety and Indemnity Company,        No. CV-17-02844-PHX-JJT

11                    Plaintiff,                     **SEPARATE ANSWER OF**
                                                     **ROBERT AND APRIL BLOCH**
12  v.

13  Valley Custom Homes, LLC, an Arizona
    limited liability company; Robert Giguere;
14  Robert Bloch and April Bloch, husband and
    wife,
15
                      Defendants.
16

17          Defendants Robert and April Bloch (the "Blochs") for their separate answer to Plaintiff

18  Developers Surety and Indemnity Company's ("DSI") Complaint for Declaratory Judgment

19  of No Coverage ("Complaint"), admit, deny, and affirmatively allege as follows:

20                          <u>**NATURE OF THE ACTION**</u>

21          1.      Answering Paragraph 1 of the Complaint, the Blochs admit that the Complaint

22  seeks a declaration from this Court that certain policies issued by DSI to defendants Valley

23  Custom Homes, LLC and Robert Giguere (collectively "VCH") do not provide coverage for

24  the counterclaims asserted by the Blochs against VCH in the underlying litigation and arising

25  out of work performed by VCH at the Blochs' home.   The Blochs deny any remaining

26  allegations of Paragraph 1 of the Complaint.

2.      Answering Paragraph 2 of the Complaint, the Blochs admit that the Complaint further seeks a determination that DSI has no duty to defend or indemnify VCH from the counterclaim asserted by the Blochs against VCH in the underlying litigation and arising out of work performed by VCH at the Blochs' home.  The Blochs deny any remaining allegations of Paragraph 2 of the Complaint.

## PARTIES, JURISDICTION AND VENUE

3.      The Blochs are without sufficient information or knowledge to form a belief as to the truth of the allegations of Paragraph 3 of the Complaint and, therefore, deny same.

4.      The Blochs are without sufficient information or knowledge to form a belief as to the truth of the allegations of Paragraph 4 of the Complaint and, therefore, deny same.

5.      On information and belief, the Blochs admit the allegations of Paragraph 5 of the Complaint.

6.      The Blochs admit the allegations of Paragraph 6 of the Complaint.

7.      The Blochs admit the allegations of Paragraph 7 of the Complaint.

8.      The Blochs admit the allegations of Paragraph 8 of the Complaint.

## UNDERLYING LAWSUIT

9.      The Blochs admit the allegations of Paragraph 9 of the Complaint.

10.     The Blochs admit the allegations of Paragraph 10 of the Complaint.

11.     The Blochs admit all allegations of Paragraph 11 of the Complaint other than the allegation that they filed their Answer, Amended Counterclaim, and Third Party Complaint on August 11 2016.  The Blochs affirmatively allege that said pleading was filed on August 9, 2016.

12.     The Blochs admit the allegations of Paragraph 12 of the Complaint.

13.     The Blochs admit the allegations of Paragraph 13 of the Complaint.

14.     The Blochs admit the allegations of Paragraph 14 of the Complaint.

15.     Answering the allegations of Paragraph 15 of the Complaint, the Blochs admit that VCH did not complete the Contract work and that it also failed to provide an accounting of amounts spent in the purported performance of the Contract work.  The Blochs further admit that these breaches, along with others, were the reasons why the Blochs terminated the Contract on December 30, 2015.  The Blochs deny any remaining allegations of Paragraph 15 of the Complaint.

16.     Answering the allegations of Paragraph 16 of the Complaint, the Blochs admit that they had to retain other contractors to complete VCH's Contract work and that they further determined that certain of the Contract work performed by VCH was substandard and required repair, including as to the roof, cabinetry, bathroom tile, and pool.   The Blochs deny any remaining allegations of Paragraph 16 of the Complaint.

17.     Answering the allegations of Paragraph 17 of the Complaint, the Blochs admit that, in the underlying lawsuit, they allege, upon information and belief, that many of the workers who performed work at their home were not employed by a contractor licensed by the Arizona Registrar of Contractors.   The Blochs deny any remaining allegations of Paragraph 17 of the Complaint.

18.     The Blochs admit the allegations of Paragraph 18 of the Complaint.

19.     The Blochs admit the allegations of Paragraph 19 of the Complaint.

20.     Answering the allegations of Paragraph 20 of the Complaint, the Blochs admit that, in the underlying litigation, they asserted third party claims against Platt River Insurance Company, which issued a license bond in favor of VCH in the amount of $15,000.   The Blochs deny any remaining allegations of Paragraph 20 of the Complaint.

**THE REGISTRAR OF CONTRACTORS ORDER**

21.     The Blochs admit the allegations of Paragraph 21 of the Complaint.

22.     The Blochs admit the allegations of Paragraph 22 of the Complaint.

23.     The Blochs admit the allegations of Paragraph 23 of the Complaint.

24.     The Blochs admit the allegations of Paragraph 24 of the Complaint.

25.     Answering the allegations of Paragraph 25 of the Complaint, the Blochs admit that the Administrative Law Judge issued Findings of Fact and Conclusions of Law which were adopted by the Arizona Registrar of Contractors, including that VCH did not have a written contract with the Blochs.  The Blochs deny any remaining allegations of Paragraph 25 of the Complaint.

## THE DSI POLICIES

26.     The Blochs are without sufficient information or knowledge to form a belief as to the truth of the allegations of Paragraph 26 of the Complaint and, therefore, deny same.

27.     The Blochs are without sufficient information or knowledge to form a belief as to the truth of the allegations of Paragraph 27 of the Complaint and, therefore, deny same.

28.     The Blochs are without sufficient information or knowledge to form a belief as to the truth of the allegations of Paragraph 28 of the Complaint and, therefore, deny same.

29.     The Blochs are without sufficient information or knowledge to form a belief as to the truth of the allegations of Paragraph 29 of the Complaint and, therefore, deny same.

30.     The Blochs are without sufficient information or knowledge to form a belief as to the truth of the allegations of Paragraph 30 of the Complaint and, therefore, deny same.

31.     The Blochs are without sufficient information or knowledge to form a belief as to the truth of the allegations of Paragraph 31 of the Complaint and, therefore, deny same. The Blochs further affirmatively allege that the allegation does not identify which policy(s) the alleged language refers to.

32.     Answering the allegations of Paragraph 32 of the Complaint, the Blochs admit that the policy attached to the Complaint as Exhibit "3" includes the language referenced in this paragraph.  The Blochs deny any remaining allegations of Paragraph 32 of the Complaint.

33.     The Blochs are without sufficient information or knowledge to form a belief as to the truth of the allegations of Paragraph 33 of the Complaint and, therefore, deny same.

1        34.     Answering the allegations of Paragraph 34 of the Complaint, the Blochs admit

2   that they first noticed the property damage after terminating the Contract in December 2015.

3   The Blochs deny that such "notice" constitutes the occurrence of property damage or

4   manifestation of property damage under the "03" DSI policy.  With respect to the other DSI

5   policies, the Blochs are without sufficient information or knowledge to form a belief as to the

6   truth of the allegations of Paragraph 34 as they pertain to those other policies. The Blochs

7   deny any remaining allegations of Paragraph 34 of the Complaint.

8        35.     The Blochs are without sufficient information or knowledge to form a belief as

9   to the truth of the allegations of Paragraph 35 of the Complaint and, therefore, deny same.

10        36.     Answering the allegations of Paragraph 36 of the Complaint, the Blochs admit

11   that the policy attached to the Complaint as Exhibit "3" includes language referencing  the

12   limits, aggregates, sub-limits, and deductible referenced in this paragraph and that the

13   coverage form language is written on form "CG 00 01 04 13."  The Blochs deny any

14   remaining allegations of Paragraph 36 of the Complaint.

15        37.     Answering the allegations of Paragraph 37 of the Complaint, the Blochs admit

16   that the policy attached to the Complaint as Exhibit "3" includes an endorsement containing

17   the amendatory language referenced in this paragraph.   The Blochs deny any remaining

18   allegations of Paragraph 37 of the Complaint.

19        38.     The Blochs are without sufficient information or knowledge to form a belief as

20   to the truth of the allegations of Paragraph 38 of the Complaint and, therefore, deny same.

21        39.     Answering the allegations of Paragraph 39 of the Complaint, the Blochs admit

22   that the policy attached to the Complaint as Exhibit "3" includes the language referenced in

23   this paragraph. The Blochs deny any remaining allegations of Paragraph 39 of the Complaint.

24        40.     Answering the allegations of Paragraph 40 of the Complaint, the Blochs admit

25   that the policy attached to the Complaint as Exhibit "3" includes the language referenced in

26   this paragraph.  The Blochs deny any remaining allegations of Paragraph 40 of the Complaint.

41.     Answering the allegations of Paragraph 41 of the Complaint, the Blochs admit that the policy attached to the Complaint as Exhibit "3" includes the language referenced in this paragraph. The Blochs deny any remaining allegations of Paragraph 41 of the Complaint.

42.     Answering the allegations of Paragraph 42 of the Complaint, the Blochs admit that the policy attached to the Complaint as Exhibit "3" includes the language referenced in this paragraph. The Blochs deny any remaining allegations of Paragraph 42 of the Complaint.

43.     Answering the allegations of Paragraph 43 of the Complaint, the Blochs admit that the policy attached to the Complaint as Exhibit "3" includes the language referenced in this paragraph. The Blochs deny any remaining allegations of Paragraph 43 of the Complaint.

44.     Answering the allegations of Paragraph 44 of the Complaint, the Blochs admit that the policy attached to the Complaint as Exhibit "3" includes the language referenced in this paragraph. The Blochs deny any remaining allegations of Paragraph 44 of the Complaint.

45.     Answering the allegations of Paragraph 45 of the Complaint, the Blochs admit that the policy attached to the Complaint as Exhibit "3" includes the language referenced in this paragraph. The Blochs deny any remaining allegations of Paragraph 45 of the Complaint.

## FIRST CAUSE OF ACTION

### (Declaratory Relief- Against All Defendants)

46.     The Blochs reallege their above admissions, denials, and affirmative allegations as if fully set forth herein.

47.     The Blochs admit that the paragraph sets forth certain of DSI's contentions regarding the 03 policy. The Blochs deny any remaining allegations of Paragraph 47 of the Complaint.

48.     The Blochs admit that the paragraph sets forth certain of DSI's contentions regarding the 03 policy. The Blochs deny any remaining allegations of Paragraph 48 of the Complaint.

49.     The Blochs admit that the paragraph sets forth certain of DSI's contentions regarding the 03 policy.  The Blochs deny any remaining allegations of Paragraph 49 of the Complaint.

50.     Paragraph 50 of the Complaint does not set forth any allegation other than the contention that DSI reserves the right to contend that other provisions of the DSI policy may preclude coverage for damages arising from the Blochs counter-claim in the underlying litigation.  The Blochs are without sufficient information or knowledge to form a belief as to the truth of the assertion that other provisions of the DSI policies may preclude coverage and, therefore, the Blochs denies the allegations of Paragraph 50 of the Complaint.

51.     The Blochs admit that the paragraph sets forth certain of DSI's contentions regarding the 03 policy.  The Blochs deny any remaining allegations of Paragraph 51 of the Complaint.

52.     Answering the allegations of Paragraph 52 of the Complaint, the Blochs admit that an actual controversy exists between the parties and that the Court may make a judicial declaration to determine the rights and obligations of the parties relative to the DSI policies and their application to the Blochs counter-claim in the underlying litigation.  The Blochs deny any remaining allegations of Paragraph 52 of the Complaint.

53.     The allegations of Paragraph 53 of the Complaint do not pertain to the Blochs and, therefore, they deny same.

54.     The Blochs admit that the paragraph sets forth certain of DSI's contentions regarding the DSI policies.  The Blochs deny any remaining allegations of Paragraph 54 of the Complaint.

## AFFIRMATIVE DEFENSES

55.     The Blochs deny all allegations of the Complaint not specifically admitted to or qualified to herein.

1  56.   Due to the absence of discovery, the Blochs do not know what, if any,

2  additional affirmative defenses they may properly have.  Therefore, the Blochs incorporate by

3  this reference all affirmative defenses available to them pursuant to Rule 8(c) of the Federal

4  Rules of Civil Procedure.

5  **PRAYER FOR RELIEF**

6  WHEREFORE, having fully answered the Complaint, the Blochs pray for judgment

7  against Plaintiff as follows:

8  A.   That the Complaint be dismissed and that Plaintiff take nothing thereby;

9  B.   For costs of suit incurred herein; and

10  C.   For such other further relief as the Court deems just and proper.

11  DATED this 18th day of October 2017.

12  **DICKINSON WRIGHT PLLC**

13  By: /s/ J. Gregory Cahill

14  Denise H. Troy
   J. Gregory Cahill

15  ***Attorneys for Defendants***
   ***Robert and April Bloch***

16

17

18

19

20

21

22

23

24

25

26

**CERTIFICATE OF SERVICE**

I hereby certify that on October 18, 2017, I electronically transmitted the attached document to the Clerk's office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

s/Terri Finnell

PHOENIX 68260-2 398818v1

-9-